IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARCUS LE'SHAWN DIXON,**

    Petitioner,

v.                                                              Civil Action No. **3:12CV429**

**HAROLD W. CLARK,**

    Respondent.

## MEMORANDUM OPINION

Marcus Le'Shawn Dixon, a Virginia prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 with this Court. In his § 2254 Petition, Dixon raised the following grounds for relief:

> Claim 1 The prosecutor engaged in misconduct.
> (a) "[T]he prosecutor made improper comments during closing arguments." (Mem. Supp. § 2254 Pet. 3, ECF No. 2.)
> (b) "[T]he prosecutor presented repetitious cross-examination of prejudicial collateral matters of the sells [sic] of crack cocaine." (*Id.* at 6 (citation omitted).)
> (c) "[T]he prosecutor excercised [sic] bias by striking ... African-American jurors, preventing them [from] serv[ing] in petitioner's trial, who is also African-American." (*Id.* at 8.)
> Claim 2 Dixon failed to receive the effective assistance of counsel before and during his trial.
> (a) "Dixon's counsel prejudiced him with the direct examination of prejudicial collateral matters of crack cocain[e]." (*Id.* at 12 (citation omitted).)
> (b) "Petitioner's counsel prejudiced him when counsel failed to object when the prosecutor cross-examined petitioner about the same prejudicial collateral matters of crack cocaine." (*Id.* at 14.)
> (c) "Dixon's counsel's performance prejudiced him when he failed to object to the prosecutor's improper statements during the closing arguments." (*Id.* at 15 (citations omitted).)
> (d) "Dixon's counsel was ineffective when he failed to object to the meritless nolle prosequi of indictments in the Gen. Dist. Court which deprived him of [the] right to a preliminary hearing." (*Id.* at 18.)
> (e) "Petitioner's counsel was ineffect[ive] and prejudiced petitioner when he failed to object to the prosecutor's ... peremptory challenges to remove African-American jurors." (*Id.* at 21.)

Claim 3 Insufficient evidence supported Dixon's participation in the crimes. (*See id.* at 25.)

Claim 4 "The trial court denied petitioner Dixon Due Process of Law by allowing prior consistent statements on topics that the witnesses were not impeached by prior inconsistent statements . . . ." (*Id.* at 30.)

. . . .

Claim 5 Dixon received the ineffective assistance of counsel at sentencing.
(a) Counsel failed "to present any mitigating evidence." (Mot. Amend 3 (ECF No. 14) (citation omitted).)
(b) Counsel allowed "petitioner to waive Presentence Investigation Report." (*Id.* at 6.)

*Dixon v. Clark*, No. 3:12CV429, 2013 WL 4880465, at *1 (E.D. Va. Sept. 12, 2013) (alterations in original) (footnotes omitted). By Memorandum Opinion and Order entered on September 12, 2013, the Court dismissed Claims 1(a)–(c) and 4 as procedurally defaulted, and dismissed the remaining claims as lacking in merit. (*Id.* at *3–10.) The matter is before the Court on Dixon's Motion for Relief Under Rule 60(b)(6) ("Rule 60(b) Motion," ECF No. 37.) For the reasons set forth below, the Rule 60(b) Motion will be DENIED.

## I. General Parameters for Rule 60(b)(6) Relief

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." *Coleman v. Jabe*, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v.*

*Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) requires that the movant "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Shanklin v. Seals*, No. 3:07cv319, 2011 WL 2470119, at *2 (E.D. Va. June 21, 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). As pertinent here, courts have held that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

## II. Analysis of Dixon's Demand for Rule 60(b)(6) Relief

Here, Dixon challenges the dismissal of Claims 1 (a)–(c) and 4 as procedurally defaulted. (Mem. Supp. Rule 60(b) Mot. 2, ECF No. 38.) Dixon vaguely suggests that such dismissal was incorrect in light of the decision in *Martinez v. Ryan*, 566 U.S. 1 (2012). "The decision in *Martinez* 'relates to excusing a procedural default of ineffective-trial-counsel claims in an initial § 2254 petition . . . .'" *Ward v. Clarke*, No. 3:14CV11–HEH, 2014 WL 5795691, at *3 (E.D. Va. Nov. 6, 2014) (quoting *Lambrix v. Sec'y, Fla. Dep't Corr.*, 756 F.3d 1246, 1260 (11th Cir. 2014)). It is unclear why Dixon believes *Martinez* undermines the finding of procedural default with respect to Claims 1(a)–(c) and 4. These are not ineffective assistance of counsel claims and therefore are ostensibly outside of the reach of *Martinez*. Nevertheless, no need exists to ascertain Dixon's exact theory for relief because, as explained below, his Rule 60(b) Motion is

3

untimely and the decision in *Martinez* fails to constitute an extraordinary circumstance within the parameters of Rule 60(b)(6).

Under Federal Rule of Civil Procedure 60(c)(1), Dixon was required to file his motion within a reasonable time after the entry of the September 12, 2013 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Dixon's Rule 60(b) Motion, filed over four years after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Moreover the United States Court of Appeals for the Fourth Circuit has concluded that the decision in *Martinez* is not an extraordinary circumstance warranting relief under Rule 60(b)(6). *Moses v. Joyner*, 815 F.3d 163, 168 (4th Cir. 2016) (concluding that petitioner's "motion for relief invoking the change in procedural default rules occasioned by *Martinez* falls well short of 'extraordinary'") *cert. denied sub nom., Moses v. Thomas*, 137 S. Ct. 1202 (2017).

Lastly, Dixon asserts that the dismissal of Claims 1(a)–(c) and 4 as procedurally defaulted "conflicts with the op[in]ion given in Buck v. Davis 137 S. Ct. 759 (2017)." (Mem. Supp. Rule 60(b) Mot. 2, ECF No. 38.) The United States Court of Appeals for the Eighth Circuit aptly summarized *Buck* as follows:

> In that case, Buck sought federal habeas relief under 28 U.S.C. § 2254, contending that his trial counsel's introduction of expert testimony reflecting the view that his race predisposed him to violent conduct violated his Sixth Amendment right to counsel. His claim, however, was procedurally defaulted under *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991). Thereafter, the Supreme Court issued *Martinez* .... modifying the *Coleman* rule. Following [*Martinez*], Buck sought to reopen his § 2254 case under Rule 60(b). The district court denied his motion. The Supreme Court, however, concluded that the district court abused its discretion in denying the motion because "extraordinary circumstances" existed. First, "Buck may have been sentenced to death in part because of his race." *Id.* at 778. Second, Buck's underlying ineffective-assistance claim was race-based and "injure[d] not just the defendant, but 'the law as an institution, ... the community at large, and ... the democratic ideal reflected in the processes of our courts.'" *Id.* (quoting *Rose v. Mitchell*, 443 U.S. 545, 556, 99 S. Ct. 2993, 61 L.Ed.2d 739 (1979)). Third, the case's extraordinary nature was confirmed by the State's refusal to confess error in Buck's case, despite admitting error in similar cases. *Id.*

*Davis v. Kelley*, 855 F.3d 833, 835–36 (8th Cir. 2017).

Like the petitioner in *Davis*, Dixon "has failed to present extraordinary circumstances mirroring those demonstrated in *Buck*." *Id.* at 836. "*Buck* focused on the race-based nature of the case and its far reaching impact on the community by the prospect of a defendant having been sentenced to death because of his race. These extraordinary facts have no application to the present case." *Id.* Accordingly, Dixon's Rule 60(b) Motion (ECF No. 37) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: JUN - 8 2018
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

5