IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARCUS LE'SHAWN DIXON,

    Petitioner,

v.                                                        Civil Action No. **3:12CV429**

**HAROLD W. CLARK,**

    Respondent.

## MEMORANDUM OPINION

Marcus Le'Shawn Dixon, a Virginia prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 with this Court ("§ 2254 Petition," ECF No. 1). The matter is before the Court on the latest motion by Dixon challenging the Court's denial of his 2254 Petition. (*See* ECF No. 42.)

### I. Procedural History

In his § 2254 Petition and motion to amend, Dixon raised the following claims for relief:

Claim 1 The prosecutor engaged in misconduct.
    (a) "[T]he prosecutor made improper comments during closing arguments." (Mem. Supp. § 2254 Pet. 3.)
    (b) "[T]he prosecutor presented repetitious cross-examination of prejudicial collateral matters of the sells [sic] of crack cocaine." (*Id.* at 6 (citation omitted).)
    (c) "[T]he prosecutor excercised [sic] bias by striking ... African–American jurors, preventing them [from] serv[ing] in petitioner's trial, who is also African–American." (*Id.* at 8.)
Claim 2 Dixon failed to receive the effective assistance of counsel before and during his trial.
    (a) "Dixon's counsel prejudiced him with the direct examination of prejudicial collateral matters of crack cocain[e]." (*Id.* at 12 (citation omitted).)
    (b) "Petitioner's counsel prejudiced him when counsel failed to object when the prosecutor cross-examined petitioner about the same prejudicial collateral matters of crack cocaine." (*Id.* at 14.)
    (c) "Dixon's counsel's performance prejudiced him when he failed to object to the prosecutor's improper statements during the closing arguments." (*Id.* at 15 (citations omitted).)

(d) "Dixon's counsel was ineffective when he failed to object to the meritless nolle prosequi of indictments in the Gen. Dist. Court which deprived him of [the] right to a preliminary hearing." (*Id.* at 18.)
(e) "Petitioner's counsel was ineffect[ive] and prejudiced petitioner when he failed to object to the prosecutor's . . . peremptory challenges to remove African–American jurors." (*Id.* at 21.)

Claim 3 Insufficient evidence supported Dixon's participation in the crimes. (*See id.* at 25.)

Claim 4 "The trial court denied petitioner Dixon Due Process of Law by allowing prior consistent statements on topics that the witnesses were not impeached by prior inconsistent statements. . . ." (*Id.* at 30.)

Additionally, Dixon moved to amend his § 2254 Petition to include the following claim:

Claim 5 Dixon received the ineffective assistance of counsel at sentencing.
(a) Counsel failed "to present any mitigating evidence." (Mot. Amend (ECF No. 14) 3 (citation omitted).)
(b) Counsel allowed "petitioner to waive Presentence Investigation Report." (*Id.* at 6.)

*Dixon v. Clark*, No. 3:12CV429, 2013 WL 4880465, at *1 (E.D. Va. Sept. 12, 2013) (alterations in original) (internal footnotes omitted). By Memorandum Opinion and Order entered on September 12, 2013, the Court dismissed Claims 1(a)–(c) and 4 as procedurally defaulted, and dismissed the remaining claims as lacking in merit. *Id.* at *3–10.

On February 12, 2018, Dixon filed a Motion for Relief Under Rule 60(b)(6) ("Rule 60(b) Motion," ECF No. 37.) By Memorandum Opinion and Order entered on June 8, 2018, the Court denied Dixon's Rule 60(b) Motion. *Dixon v. Clark*, No. 3:12CV429, 2018 WL 2770637, at *3 (E.D. Va. June 8, 2018). On July 5, 2018, Dixon filed a Motion to Alter or Amend Judgment ("Rule 59(e) Motion," ECF No. 42), and a Notice of Appeal (ECF No. 43) with respect to the June 8, 2018 Memorandum Opinion. On December 7, 2018, the United States Court of Appeals for the Fourth Circuit dismissed his appeal. *Dixon v. Clarke*, 744 F. App'x 815 (4th Cir. 2018).

For the reasons set forth below, Dixon's Rule 59(e) Motion with respect to the June 8, 2018 Memorandum Opinion and Order will be DENIED.

## II. Rule 59(e) Relief

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1810.1, at 127–28 (2d ed. 1995)). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). In his Rule 59(e) Motion, Dixon does not identify an intervening change in controlling law or any new evidence not available at trial. Instead, Dixon contends that the Court erred in denying him relief. Dixon, however, fails to demonstrate that the Court erred or that vacating the Court's decision is necessary to prevent a manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 42) will be DENIED. The Court will DENY a certificate of appealability.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: Feb. 21, 2019
Richmond, Virginia