IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARCUS LE'SHAWN DIXON,**

    **Petitioner,**

**v.**                                                     Civil Action No. 3:12cv429

**HAROLD W. CLARK,**

    **Respondent.**

## MEMORANDUM OPINION

Marcus Le'Shawn Dixon, a Virginia prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 with this Court (the "§ 2254 Petition"). (ECF No. 1). On October 20, 2021, he filed a Motion to Amend [the] Present Petition (the "Motion to Amend"). (ECF No. 14.) The matter is before the Court on the latest motion by Dixon challenging the Court's denial of his 2254 Petition (the "2021 Rule 60(b)(6) Motion"). (ECF No. 50.) For the reasons set forth below, Dixon's 2021 Rule 60(b)(6) Motion will be DENIED.

### I. Procedural History

In the § 2254 Petition and Motion to Amend, Dixon raised the following claims for relief:

**Claim 1:** The prosecutor engaged in misconduct.

> (a) "[T]he prosecutor made improper comments during closing arguments." (Mem. Supp. § 2254 Pet. 3.)
> (b) "[T]he prosecutor presented repetitious cross-examination of prejudicial collateral matters of the sells [sic] of crack cocaine." (*Id.* at 6 (citation omitted).)
> (c) "[T]he prosecutor exercised [sic] bias by striking ... African-American jurors, preventing them [from] serv[ing] in petitioner's trial, who is also African-American." (*Id.* at 8.)

**Claim 2:** Dixon failed to receive the effective assistance of counsel before and during his trial.

> (a) "Dixon's counsel prejudiced him with the direct examination of prejudicial collateral matters of crack cocain[e]." (*Id.* at 12 (citation omitted).)
> (b) "Petitioner's counsel prejudiced him when counsel failed to object when the prosecutor cross-examined petitioner about the same prejudicial collateral matters of crack cocaine." (*Id.* at 14.)
> (c) "Dixon's counsel's performance prejudiced him when he failed to object to the prosecutor's improper statements during the closing arguments." (*Id.* at 15 (citations omitted).)
> (d) "Dixon's counsel was ineffective when he failed to object to the meritless nolle prosequi of indictments in the Gen. Dist. Court which deprived him of [the] right to a preliminary hearing." (*Id.* at 18.)
> (e) "Petitioner's counsel was ineffect[ive] and prejudiced petitioner when he failed to object to the prosecutor's . . . peremptory challenges to remove African-American jurors." (*Id.* at 21.)

> **Claim 3:** Insufficient evidence supported Dixon's participation in the crimes. (*See id.* at 25.)

> **Claim 4:** "The trial court denied petitioner Dixon Due Process of Law by allowing prior consistent statements on topics that the witnesses were not impeached by prior inconsistent statements. . . ." (*Id.* at 30.)

> Additionally, Dixon moved to amend his § 2254 Petition to include the following claim:

>> **Claim 5:** Dixon received the ineffective assistance of counsel at sentencing.

>> (a) Counsel failed "to present any mitigating evidence." (Mot. Amend 3 (citation omitted).)
>> (b) Counsel allowed "petitioner to waive Presentence Investigation Report." (*Id.* at 6.)

*Dixon v. Clark*, No. 3:12cv429, 2013 WL 4880465, at *1 (E.D. Va. Sept. 12, 2013) (alterations in original) (footnotes omitted). By Memorandum Opinion and Order entered on September 12, 2013, the Court dismissed Claims 1(a)–(c) and 4 as procedurally defaulted, and dismissed the remaining claims as lacking in merit. *Id.* at *3–10.

2

On February 12, 2018, Dixon filed a Motion for Relief Under Rule 60(b)(6) (the "Rule 60(b) Motion"). (ECF No. 37.) By Memorandum Opinion and Order entered on June 8, 2018, the Court denied Dixon's Rule 60(b) Motion. *Dixon v. Clark*, No. 3:12cv429, 2018 WL 2770637, at *3 (E.D. Va. June 8, 2018). On July 5, 2018, Dixon filed a Motion to Alter or Amend Judgment (the "Rule 59(e) Motion," ECF No. 42), and a Notice of Appeal, (ECF No. 43), with respect to the June 8, 2018 Memorandum Opinion. On December 7, 2018, the United States Court of Appeals for the Fourth Circuit dismissed his appeal. *Dixon v. Clarke*, 744 F. App'x 815 (4th Cir. 2018). By Memorandum Opinion and Order entered on February 21, 2019, the Court denied Dixon's Rule 59(e) Motion. (ECF Nos. 48, 49.)

On April 29, 2021, Dixon filed his 2021 Rule 60(b)(6) Motion.

## II. Standard for Rule 60(b)(6) Relief

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of *timeliness*, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." *Coleman v. Jabe*, 633 F. App'x. 119, 120 (4th Cir. 2016) (emphasis added) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this

threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) requires that the movant "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Shanklin v. Seals*, No. 3:07cv319, 2011 WL 2470119, at *2 (E.D. Va. June 21, 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

In his Memorandum in Support of his 2021 Rule 60(b)(6) Motion, Dixon contends that the Court should consider his procedurally defaulted prosecutorial misconduct claims set forth in Claims 1(a) through 1(c) because he is actually innocent. (Mem. Supp. 2021 Rule 60(b)(6) Mot. 3–5, ECF No. 51.) As explained below, Dixon fails to demonstrate entitlement to relief under Rule 60(b)(6) because his motion is untimely and lacks merit.

First, under Federal Rule of Civil Procedure 60(c)(1), Dixon was required to file his motion within a reasonable time after the entry of the September 12, 2013 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Dixon's Rule 60(b) Motion, filed over seven years after the entry of the challenged judgment, was not filed within a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent.*

4

*Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))).

Second, Dixon has not demonstrated any extraordinary circumstance that would warrant Rule 60(b)(6) relief. Dixon has not submitted *any* new evidence in support of his claim of innocence, much less new *reliable* evidence of his innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasizing that a gateway claim of innocence, in order to provide review of defaulted claims, requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."). Accordingly, Dixon's 2021 Rule 60(b)(6) Motion (ECF No. 50) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Dixon is entitled to further consideration in this matter. A certificate of appealability will be DENIED.


An appropriate Order will accompany this Memorandum Opinion.

Date: 11-23-21
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge